UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ET AL., <br><br> Petitioners, <br><br> v. <br><br> RAMON LAGUARDIN, GENERAL PARTNER, <br><br> Respondent. | No. C-07-1467 JCS <br><br> **ORDER GRANTING ENFORCEMENT OF INTERNAL REVENUE SERVICE SUMMONS [Docket No. 1]** |

## I.   INTRODUCTION

Petitioners, the United States of America and Revenue Officer Dwight S. McDaniel, seek enforcement of an Internal Revenue Service summons against Respondent, Ramon LaGuardin, General Partner of Elite Parking. Petitioner McDaniel ("Petitioner") is attempting to collect certain federal tax liabilities of Elite Parking for the taxable periods ending March 31, 2001, June 20, 2001, September 30, 2001, December 31, 2001, March 31, 2002, June 30, 2002, September 30, 2002, December 31, 2005, March 31, 2006, June 30, 2006, and September 30, 2006. Verified Petition at Exhibit A, and ¶ 3; Moore Declaration at ¶ 3 (noting that the summons sets forth the correct periods). On December 18, 2006, Petitioner served a summons upon Respondent by taping a copy of the summons to his desk. *Id.* at ¶ 7. The summons required Respondent to appear before Petitioner on January 18, 2007, to give testimony and to bring for examination all documents and records in his possession or control regarding receipt of income by Elite Parking for the time periods listed above. Respondent did not appear on January 18, 2007, as requested in the summons. Moore Declaration at ¶ 4.

1

1  On March 14, 2007, Petitioner filed a verified petition to enforce an IRS summons against
2  Respondent, requesting that the Court order the Respondent to appear before Petitioner to give
3  testimony and produce items requested in the summons, at a time and place directed by the Court.
4  *Id.* at ¶ B. Petitioner also requested that the Court grant its costs in this proceeding, as well as any
5  other relief that may be necessary and proper. *Id.* at ¶ C. On March 22, 2007, this Court issued an
6  order to show cause why the summons should not be enforced, and a hearing was held on May 11,
7  2007. At the hearing, Thomas Moore appeared for the United States. Respondent did not appear in
8  response to the OSC and did not oppose enforcement.

9  For the reasons stated below, IT IS HEREBY ORDERED that Petitioners' summons be
10 enforced and that Petitioners' request for costs be GRANTED.

11 **II.    DISCUSSION**

12 **A.    Validity of Summons**

13 The IRS is authorized to make administrative "inquiries, determinations, and assessments"
14 regarding all internal revenue taxes that are owed. 26 U.S.C. § 6201. In connection with such
15 inquiries, the IRS has the authority to summon the person liable for the tax to appear "at a time and
16 place named in the summons and to produce such book, papers, records, or other data, and to give
17 such testimony, under oath, as may be relevant or material." 26 U.S.C. § 7602(a)(2). Such
18 summons may be issued for the purpose of "ascertaining the correctness of any return, making a
19 return where none has been made, determining the liability of any person for any internal revenue
20 tax or the liability at law or in equity of any transferee or fiduciary of any person in respect of any
21 internal revenue tax, or collecting any such liability." 26 U.S.C. § 7602(a). However, no summons
22 may be issued or enforced "if a Justice Department referral is in effect with respect to such person."
23 26 U.S.C. § 7602(d)(1). Thus, a summons issued pursuant to 26 U.S.C. § 7602 is valid only if
24 "issued for a proper purpose and prior to a recommendation for criminal prosecution." *Donaldson v.*
25 *United States*, 400 U.S. 517, 536 (1971).

26 **B.    Standard for Enforcement of IRS Summons**

27 The Supreme Court held in *United States v. Powell* that to obtain enforcement of a summons,
28 the IRS must first establish its "good faith" by showing that the summons: (1) is issued for a

2

1 legitimate purpose; (2) seeks information relevant to that purpose; (3) seeks information not already
2 within the IRS' possession; and (4) satisfies all administrative steps required by the United States
3 Code.  379 U.S. 48, 57-58 (1964).  The government's burden is "a slight one" and typically is
4 satisfied by the introduction of the sworn declaration of the revenue agent who issued the summons
5 establishing that the *Powell* requirements have been met.  *United States v. Dynavac, Inc.*, 6 F.3d
6 1407, 1414 (9th Cir. 1993).  Once a prima facie case is made, a "heavy" burden is placed on the
7 taxpayer to show an abuse of process or lack of good faith.  *Id.*

8 First, to establish a legitimate purpose, the IRS must demonstrate that the summons is being
9 issued for one of the purposes for which is has authority: "ascertaining the correctness of any return,
10 making a return where none has been made, determining the liability of any person for any internal
11 revenue tax or the liability at law or in equity of any transferee or fiduciary of any person in respect
12 of any internal revenue tax, or collecting any such liability."  26 U.S.C. § 7602(a).

13 Second, the standard for relevance is whether the information sought might shed light on the
14 taxpayer's liability.  *United States v. Ryan*, 455 F.2d 728, 733 (9th Cir. 1972).  However, the Ninth
15 Circuit has cautioned that "the government's burden, while not great, is also not non-existent" and it
16 is not necessarily satisfied by an IRS agent's mere assertion of relevance.  *United States v. Goldman*,
17 637 F.2d 664, 667 (9th Cir. 1980).  Thus, the Court may "scrutinize the summons to determine
18 whether [the IRS] seeks information relevant to a legitimate investigative purpose" and may choose
19 either to refuse enforcement or narrow the scope of the summons.  *Goldman*, 637 F.2d at 667.  A
20 summons should not be enforced if it is so overbroad that it constitutes a violation of the Fourth
21 Amendment ban on unreasonable search and seizure.  *United States v. Malnik*, 489 F.2d 682 (5th
22 Cir. 1974).

23 Third, a statement by the government that it does not possess the information sought by the
24 summons is generally sufficient to shift the burden to the taxpayer to show actual possession in order
25 to defeat the summons.  *United States v. Garrett*, 571 F.2d 1323 (5th Cir. 1978).

26 Fourth, to comply with administrative requirements, the summons must be served either by
27 delivery "in hand to the person to whom it is directed" or by leaving it at that person's "last and
28 usual place of abode."  26 U.S.C. § 7603.  Where the summons requires production of documents,

"it shall be sufficient if such books, papers, records, or other data are described with reasonable certainty." *Id.* The time and place of the examination must be "reasonable under all the circumstances" and must be at least 10 days from the date the summons is served. 26 U.S.C. § 7605(a).

### C. Analysis of the Summons and Verified Petition

As an initial matter, the summons issued by Petitioners is valid because it was issued for the proper purpose under 26 U.S.C. § 7602(a) of collecting Elite Parking's tax liability and there is no evidence that a Justice Department referral has been made with regard to Respondent.

The government has met its initial burden under *Powell* through its Verified Petition. First, the IRS issued the summons for the legitimate purposes of completing its inquiry into Elite Parking's federal tax liability and collecting that liability. Verified Petition at ¶¶ 3, 4, 8. Second, the IRS states that the information it seeks is "relevant and material" to collecting Respondent's tax liability. *Id.* at ¶ 4. The IRS also asserts that the information sought "can reasonably be expected to assist in the collection of" Elite's tax liability, and "was and now is essential to completion of" its inquiry into Elite's tax liability. *Id.* at ¶ 8. This Court finds that the information sought by the IRS is both reasonable and relevant to the purpose of collecting Elite Parking's tax liability. Third, the IRS has met its burden of establishing its need for this information through its assertion that it does not otherwise have "access, possession, or control" of the information it seeks in the summons. *Id.* at ¶ 6. Fourth, the IRS states that it has fulfilled all of the required administrative steps under the United States Code. *Id.* at ¶11. The IRS properly served the summons upon Respondent by leaving it on his desk at his "last and usual place of abode" address, *id.* at ¶¶ 7, 11, and Exhibit A, which is an acceptable form of service. *United States v. Gilleran*, 992 F.2d 232 (9th Cir. 1993). In addition, the summons is sufficiently clear, and the date of the requested appearance was more than 10 days after the summons was served.

Thus, the IRS has met its burden by presenting evidence through its Verified Petition that the summons was issued for a legitimate purpose; that the information sought may be relevant to that purpose; that the summoned information is not already in possession of the IRS; and that the proper

administrative steps have been followed.  Respondent has submitted no evidence to refute these facts, and has not opposed enforcement of the summons.

### D. Request for Costs

Costs may be awarded to the government as a prevailing party in actions to enforce IRS summonses under Rule 54(d)(1) of the Federal Rules of Civil Procedure.  *See, e.g., Conklin v. United States*, 1985 WL 2211 (D. Colo.); *Holderbaum v. United States*, 589 F. Supp. 107 (D.Colo. 1984).  Fed. R. Civ. P. 54(d)(1) provides that "except when express provision therefor is made in a statute of the United States or in these rules, costs other than attorney's fees shall be allowed as of course to the prevailing party unless the court otherwise directs."  As there is no applicable exception to this rule in this case, it is recommended that costs be awarded to the Petitioners.  The government should submit a bill of costs so that a determination may be made as to the appropriate costs.

## III. CONCLUSION

IT IS HEREBY ORDERED that the summons be enforced and that Respondent appear for examination and provide the requested books, papers, records, and data.  In addition, Petitioners' request for an award of costs is GRANTED.

IT IS SO ORDERED.

DATED: June 29, 2007

JOSEPH C. SPERO
United States Magistrate Judge